# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Charlotte Bell,

      Plaintiff,

v.

**ORDER**
Civil Case No. 08-4722 ADM/FLN

Wyeth and its division Wyeth
Pharmaceuticals, Inc.

      Defendants.

_____

Brant D. Penney, Esq., Reinhardt Wendorf & Blanchfield, Saint Paul, MN, on behalf of Plaintiff.

Carrie L. Hund, Esq., and Edward F. Fox, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Defendants.

_____

This matter is before the undersigned United States District Court Judge to address the transfer of this action. On May 9, 2014, the Court directed the parties to submit briefing to address whether this matter should be transferred under 28 U.S.C. § 1404(a), and if so, to which district. In a brief filed June 4, 2014 [Docket No. 9], Defendants Wyeth and its division Wyeth Pharmaceuticals (together, "Wyeth"), stated they would not oppose a transfer of this action to Plaintiff Charlotte Bell's home district, the District of Utah. Bell did not file a brief.

Wyeth's consent, and the underlying allegations in this case, warrant a transfer under § 1404(a). As alleged in the Complaint [Docket No. 1], none of the parties in this action are or were domiciled in Minnesota, nor is there any other logical connection to this district. Conversely, Bell resided at all relevant times in the District of Utah, and key events underlying this action appear to have occurred in Utah. As a result, a transfer to the District of Utah will be more convenient for the parties and witnesses. A transfer is also in the interest of justice, as Utah has a strong public interest in the resolution of this suit. See 28 U.S.C. § 1404(a).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is **TRANSFERRED** to the United States District Court for the District of Utah.

2. The Clerk of Court is directed to effect the transfer.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 12, 2014.